**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

AIZA EJAZ,                                                                    Civil Action No.


                               Plaintiff,


        -against-                                              **COMPLAINT**

SOHO MERCHANDISING GROUP, INC.
D/B/A ARISOHO, INC., and                                       Plaintiff Demands a Trial
MOSHE BEN ARI                                                  By Jury



                               Defendants.
-----------------------------------------------------------------------X

        Plaintiff, AIZA EJAZ, (hereinafter referred to as "Plaintiff" or "EJAZ"), by and through

Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint

in this action against Defendant SOHO MERCHANDISING GROUP, INC. d/b/a as ARISOHO,

INC. (hereinafter referred to as "ARISOHO"), and Defendant MOSHE BEN ARI (hereinafter

referred to as "BEN ARI"), (hereinafter collectively referred to as Defendants), respectfully

alleges as follows upon information and belief:

                          **NATURE OF THE CLAIMS**

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to

    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

    (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title

    VII"), 42 U.S.C. §1981, the Fair Labor Standards Act of 1938 ("FLSA"), New York State

    Human Rights Law; New York Executive Law, § 290, et seq. ("the Executive Law"); the

    Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"), and New York

1

Labor Laws, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, unpaid overtime, sex/gender, race/color, national origin, and religious discrimination, hostile work environment, retaliation, and wrongful termination by Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. Seq. ("Title VII"), 42 U.S.C. § 1981 ("1981"), and the FLSA to remedy violations of the laws of the State of New York and City of New York based upon Federal Questions and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being denied overtime, discriminated against, retaliated against, and unlawfully terminated by Plaintiff's former employer on the basis of Plaintiff's race, color, national origin, religion, and sex/gender as well as a hostile work environment.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on May 30, 2018.

5. Plaintiff received a Notice of Right to Sue letter on October 29, 2018.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff EJAZ is an individual Muslim female who is a citizen of the State of New Jersey.

9. At all times material, Defendant ARISOHO is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York with its principal place of business located at 471 West Broadway, New York, New York 10012. Defendant ARISOHO operates as a luxury menswear store with locations in New York City and Miami.

10. At all times material, Defendant BEN ARI was and is owner of ARISOHO.

11. At all times material, Defendant BEN ARI held a supervisory position at Defendant ARISOHO, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

12. Upon information and belief, Defendant BEN ARI is an individual Israeli, Jewish, and Caucasian man.

13. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

14. On or about August 1, 2017, Defendants hired Plaintiff as an Operations Manager. Defendants informed Plaintiff that she would be paid an annual salary of approximately

3

$60,000.00, as well as bonuses and commissions.

15. Upon information and belief, at the time Defendants hired Plaintiff, they did not know that she was Muslim and Pakistani.

16. Moreover, Defendants informed Plaintiff that she would work forty (40) hours per week. In fact, Plaintiff often worked approximately fifty-five (55) hours per week. Defendants failed to legally compensate Plaintiff for overtime worked in excess of forty (40) hours.

17. Throughout the course of Plaintiff's employment, Defendants discriminated against Plaintiff on the basis of her race, religion, national origin and sex/gender, together with subjecting Plaintiff to a hostile work environment based on the same. Ultimately, Plaintiff complained of said unlawful conduct and Defendants retaliated against Plaintiff by terminating her employment.

18. Defendant BEN ARI exhibited a pattern and practice of making discriminatory comments towards Defendant ARISOHO's subordinate female employees.

19. By way of example, in or around August 2017, Defendant BEN ARI instructed Plaintiff to use her sexuality to "**lure**" men into the store. Defendant BEN ARI commented that attractive women are merely used as "**bait**."

20. In addition, shortly after Defendant BEN ARI hired Plaintiff to work at Defendant ARISOHO, he made inappropriate and unlawful comments about Plaintiff's sex/gender, religion, race, and national origin.

21. In or around August of 2017, Defendant BEN ARI, Plaintiff and other staff members were discussing the origins of their respective names. Plaintiff informed the group and Defendant BEN ARI that her name originated from the Middle East and that she was Pakistani and Muslim.

22. Defendant BEN ARI immediately became silent and walked away in disgust.

23. Shortly thereafter, Defendant ARISOHO's store manager FLYNN KELLY (hereinafter referred to as "KELLY") informed Plaintiff she was "**shocked [BEN ARI] was kind enough to hire you considering you're Muslim - he's so Jewish**." KELLY continued, "**he really doesn't like Muslim people**."

24. In or around September 2017, Defendant BEN ARI commented during a staff meeting that the outside world viewed black people as "**drug dealers**," and Spanish people as "**thieves**."

25. Shortly after the meeting, in or around September 2017, Defendant ARISOHO's Retail Director, COREY WARD (hereinafter referred to as "WARD") informed Plaintiff that Defendant BEN ARI, "**does not like black people working for him, they steal**."

26. On or about September 18, 2017, Defendant BEN ARI told Plaintiff, "**I hate Pakistani people and I don't like fucking Muslim people - especially Muslim women.**"

27. Plaintiff was stunned, and asked Defendant BEN ARI if his comment was directed at Plaintiff. In response, Defendant BEN ARI said, "**Yes.**"

28. Defendants discriminated against Plaintiff on the basis of her race, religion, national origin, and sex/gender.

29. Immediately thereafter, Plaintiff emailed Retail Director WARD. WARD responded that after speaking with Defendant BEN ARI, "he was considering paying you less money that [sic] the 60K."

30. Plaintiff complained that, "this approach isn't ethical - personally or professionally."

31. The following day, on or about September 19, 2017, Defendants retaliated against Plaintiff and terminated Plaintiff's employment.

32. Manager KELLY informed Plaintiff that she was terminated on the basis that she was "**not a good fit**." In response, Plaintiff told Manager KELLY, "**I know he's racist [and sexist] and that's the reason he doesn't want me here.**" Manager KELLY responded, "**I completely**

**understand and I agree with you**," acknowledging that Defendants' true reason for terminating Plaintiff was because of her race/color, religion, national origin, and sex/gender.

30. Defendants discriminated against and terminated Plaintiff on the basis of Plaintiff's race, religion, national origin, gender/sex and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

31. Defendants retaliated against Plaintiff for engaging in protected activity.

32. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

33. Plaintiff claims that Defendants discriminated against and terminated Plaintiff because of her race, religion, national origin, and sex/gender and because she complained or opposed the unlawful conduct of Defendants related to the above protected classes.

34. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

35. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and damage to Plaintiff's professional reputation.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

38. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

39. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

40. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

41. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

42. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

43. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

44. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

45. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant ARISOHO. Among other discriminatory comments and conduct, Defendant ARISOHO discriminated against Plaintiff on the basis of Plaintiff's race, color, national origin, and sex/gender, and by creating a hostile work environment. Plaintiff complains of Defendant ARISOHO's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, national origin, religion and sex/gender.

46. Defendant ARISOHO engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

47. Defendant ARISOHO violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

48. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

49. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

50. Defendant ARISOHO engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or

privileges of employment because of Plaintiff's opposition to the unlawful employment

practices of Defendants.

51. Defendant ARISOHO violated the above and Plaintiff suffered numerous damages as a

result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## (AGAINST ALL DEFENDANTS)

52. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs

of this Complaint.

53. 42 U.S. Code § 1981 - Equal rights under the law states:

(a) All persons within the jurisdiction of the United States shall have the same right in every

State and Territory to make and enforce contracts, to sue, be parties, give evidence, and

to the full and equal benefit of all laws and proceedings for the security of persons and

property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making,

performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental

discrimination and impairment under color of State law.

54. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been

denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's

contractual relationship which provided substantial compensation and benefits, thereby

entitling her to injunctive and equitable monetary relief; and having suffered such anguish,

9

humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

55. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

56. Defendants violated the above and Plaintiff suffered numerous damages as a result.

57. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

58. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE FAIR LABOR STANDARDS ACT
## OVERTIME
## (AGAINST ALL DEFENDANTS)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Defendants willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for Plaintiff's employment in excess of 40 hours per week at a rate of at least one and one-half times the rate at which Plaintiff was employed.

60. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

61. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

62. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

63. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

64. Defendants violated the above and Plaintiff suffered numerous damages as a result.


**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK WAGE AND HOUR LAW**
**and VIOLATION OF Title 12 NYCRR Section 142-2.2**
**OVERTIME RATE**
**(AGAINST ALL DEFENDANTS)**


65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations, specifically NYCRR Labor Section 138 *et seq.*

67. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

68. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

69. Defendants also failed to pay Plaintiff a premium/additional amount for hours worked in excess of 10 hours per day.

70. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK WAGE ORDER**
**EMPLOYEE RECORDS**
**(AGAINST ALL DEFENDANTS)**


72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. Defendants failed to keep employee-specific records documenting, *inter alia,* actual hours worked in each week, in violation of New York Labor Law § 195, 661, and 12 NYCRR 142-2.6.

74. Defendants failed to furnish statements with pay and hour information to Plaintiff, in violation of New York Labor Law § 195 and 12 NYCRR 142-2.7.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

59. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

60. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, color, national origin, and sex/gender as well as creating a hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

62. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

64. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

67. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

68. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

69. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

70. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

71. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

72. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result

**AS A TENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

74. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

75. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

77. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

80. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

81. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

82. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION FOR AIDING AND ABETTING**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

84. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

85. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

86. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

15

87. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

89. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

90. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

91. Defendants violated the section cited herein as set forth.

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN FOURTEENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

93. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. The employee or agent exercised managerial or supervisory responsibility; or

   ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury as to all issues so triable.

Date:   January 14, 2019

         New York, New York

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

Attorneys for Plaintiff

BY: /s/Johnmack Cohen_____
     Johnmack Cohen, Esq.
     1 Pennsylvania Plaza, 49th Floor
     New York, New York 10119
     (212) 587-0760